Thaddeus G. Fibich and Wife, Vivian G. Fibich v. Commissioner.
Thaddeus G. Fibich v. Commissioner
Docket No. 34362.
United States Tax Court
1953 Tax Ct. Memo LEXIS 277; 12 T.C.M. (CCH) 451; T.C.M. (RIA) 53144; April 27, 1953
*277 Respondent, alleging that petitioners' books and records of accounts were so inadequately kept that it was impossible to ascertain therefrom petitioners' gross income for the taxable year in question, used the bank deposit and cash expenditures method of determining such income and a deficiency in income tax. Held, that petitioners have met the burden of proof imposed on them by such determination and, in large part, have sustained the correctness of their income tax liability as reported in the income tax return. Robert A. Littleton, Esq., 1021 Tower Building, Washington, D.C., for the petitioners. Paul E. Waring, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax and a five per cent penalty for the taxable year 1949 in the amounts of $551.92 and $27.60, respectively. The issue for our determination is whether the petitioners understated their gross income and taxable net income for the year 1949 by the sum of $3,035.44. Findings of Fact Petitioners, husband and wife residing in Washington, D.C., filed their joint income tax return for 1949 with the collector of internal revenue *278 at Baltimore, Maryland. During 1949 Thaddeus G. Fibich (hereinafter referred to as petitioner) was engaged in the general practice of medicine. During that year he maintained checking accounts at the Hamilton National Bank in Washington, D.C., and at the Old Dominion Bank in Arlington, Virginia. During 1949 the petitioner did not deposit any funds to his checking account in the Hamilton National Bank but did deposit to his account in the Old Dominion Bank the sum of $7,688.64. In their joint income tax return for 1949 the petitioners reported the following gross income: From Whom Received
Amount
Carson Lee Fifer, M.D.
$4,596.66
Clarence E. Baker, photographer
2,952.00
Union Market Clinic
535.00
Connecticut General Life Insurance Co.
252.00
Miscellaneous Office Fees
718.00
Total
$9,053.66
In the notice of deficiency, dated April 23, 1951, the petitioners' taxable income for the year 1949 was computed on the basis of bank deposits and cash expenditures, as determined by respondent, as follows: Gross receipts: Deposits in checking account dur-
ing 1949
$ 7,688.64
Disbursements not deposited
4,454.46
Total
$12,143.10
Less: Refund of 1948 income tax de-
posited in 1949
312.89
Taxable gross receipts
$11,830.21
Less allowable deductions: Paid by check
$1,827.06
Paid by cash and not de-
posited
1,371.85
Allowable depreciation
490.62
Total allowable deductions
3,689.53
Taxable net income
$ 8,140.68
Taxable net income reported on re-
turn
5,105.24
Understatement of taxable net in-
come
$ 3,035.44
*279 During the period January 1 to September 30, 1949, the petitioner gave his wife $175 per month for living expenses and during the period October 1 to December 31, 1949, he gave his wife $200 per month, or a total of $2,175 in cash to be used by her for the purchase of food and clothing for herself and two children. These amounts were not deposited. Petitioner deposited in bank in 1949, $7,688.64. The total of such deposits was treated by respondent as gross income to petitioner in 1949. In such deposits was included $312.89 representing a refund of taxes paid by petitioner in 1948. Also included in such deposits were the following items, as designated by petitioner, totaling $2,237.70: $420.70
Amount of check received from Dr.
Fifer, petitioner's employer, in 1948
and deposited in 1949
500.00
Repayment in 1949 of a personal loan
made to E. G. Pullman and deposited
in 1949
147.00
Repayment in 1949 of a personal loan
made to James Colletti and deposited in
1949
600.00
Derived in 1948 from the sale of a Buick
sedan in that year belonging to peti-
tioner's wife and deposited in 1949
200.00
Received from sale of a diathermy
machine to Harry E. Waple, deposited
in 1949
And the following items deposited in
1949 from the sale of miscellaneous
household and personal equipment: 75.00
Desk
70.00
Wardrobe trunk
35.00
Electric radio phonograph
75.00
Second hand heating equipment
45.00
Junk
5.00
Double bed
35.00
Golf bag
30.00
Representing gifts to petitioner's chil-
dren from relatives and patients, de-
posited in 1949
*280 The evidence does not sustain petitioner's claim that the item of $600 listed above was derived and received from the sale of an automobile in 1948. In the absence of convincing evidence that such item was so derived and so received and in the absence of evidence of its receipt from any other source, the prima facie presumption that such item was income to petitioner in 1949, as determined by respondent, must prevail and we so find. The remaining items in such list represented either income of petitioner in 1948 or the proceeds of sales of various items of personal property or the repayment of the principal amount of loans. Of the $7,688.64 deposited in bank by petitioner in 1949, only $5,738.05 represented income to him in that year. Respondent determined that petitioner had gross income in 1949 in the amount of $4,454.46 in addition to gross income represented by deposits in bank as above set forth. The determination of such gross income not deposited was based on the following items of expenditures by petitioner in 1949 which were not made by check: Contributions
$ 425.00
Interest to R. Glazik
156.00
Car expenses
418.09
Loss: Accident to car (repairs)
41.80
Business entertainment
87.60
Gasoline taxes
58.35
Office expenses (drugs, book, li-
censes, etc.)
272.61
Equipment purchased
143.61
Amount withheld from salary
351.40
Living expenses
2,500.00
$4,454.46
*281 Of the above items petitioner questioned the correctness of the amount of only one, namely, the item of $2,500 for living expenses. The correct amount of this item is $2,175 instead of $2,500. This item of living expenses does not include household expenses for utilities. The latter were paid by check. Petitioner had gross income in 1949 in the amount of $4,129.46 in addition to such income represented by deposits in bank as above set forth. Petitioner's total gross income in 1949 is $9,867.51 and his allowable deductions are in the amounts determined by the respondent. Opinion HILL, Judge: The respondent justified his reconstruction of the petitioners' income on the cash expenditures and bank deposit basis for the reason that the petitioner, Thaddeus G. Fibich, did not maintain adequate books and records from which his income could be accurately determined. However, the evidence produced at the hearing by the petitioner established the fact that four of the sources of professional income received by him were covered by the books and records maintained by the persons employing the petitioner which were available to the respondent for examination. The fifth source of petitioner's *282 income was from an office practice carried on at his residence from which source the petitioner earned $718 during the taxable year 1949. The only record kept by the petitioner of his office practice fees consisted of one page of notations in a small memorandum book listing the names of eleven patients and the total fees received from each during the year. While hardly adequate as a business record, it nevertheless served as a source available to the respondent for checking. Among the items of bank deposits which petitioner made in 1949 was one for $600. Petitioner contended and testified that such item represented a part of the proceeds of a sale of his wife's car in May 1948. The sale price of the car was $1,100 and a bank deposit in that amount was made by petitioner at or about the time of the sale of the car. It is our opinion that that deposit represented the price received for the car and we are unable to accept petitioner's explanation that $600 of that amount was carried over and deposited in his account in 1949. We therefore sustain respondent's contention as to such item. Respondent determined that petitioner expended $2,500 during the year 1949 for living expenses *283 and that such amount was paid out of earnings which were not deposited in bank. Petitioner admits that such expenses were paid out of undeposited earnings of 1949 but we believe from his testimony that the amount of this item should be reduced from $2,500 to $2,175. No evidence was offered to refute the correctness of the deductions determined and allowed by respondent as set forth in our findings of fact. It follows from our holding that the negligence penalty determined by respondent is not warranted. Decision will be entered under Rule 50.